Dear Mayor Hensgens:
You advise this office that you are the elected Mayor of the Town of Gueydan, Louisiana. At issue is whether the law prohibits you from accepting the position of hospital director for Vermilion Parish Hospital Service District No. 3, d/b/a Gueydan Memorial Guest Home.
The Vermilion Parish Hospital Service District No. 3 was created by the Vermilion Parish Police Jury, pursuant to La.R.S. 46:1051.[1] The hospital service district is a political subdivision of the state, and is governed by a board of commissioners appointed by the police jury pursuant to La.R.S. 46:1056.
The Board of Commissioners of Hospital Service District No. 3 of Vermilion Parish is authorized to hire a hospital director pursuant to La.R.S. 46:1056, which provides in pertinent part:
1056. Hospital Director
 A. The commission, with the approval of the medical staff, shall enter into a formal written employment agreement with a hospital director, hereafter referred to as "director", who has had experience in the field of hospital administration and is familiar with the principles and methods of hospital and institutional care. He shall be a full-time employee of the district or of the hospital management firm and shall receive a salary fixed by the commission.
[Emphasis added]. *Page 2 
The Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., governs the holding of certain combinations of public offices and employments. For purposes of dual officeholding, the position of hospital director is considered an "appointive office" as defined by La.R.S. 42:62(2) because it is an "executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state. . .which is filled by appointment or election. . .by a governmental body composed of such officials of this state or of a political subdivision thereof."
Because a hospital director is required to work on a full-time basis under La.R.S. 46:1056, he holds "full-time appointive office" under the dual officeholding statutes. The other position here considered is the office of Mayor of the Town of Gueydan, which is an "elective office" as defined by La.R.S. 42:62(1). The hospital service district itself is considered a "political subdivision" of the state under La.R.S. 42:62(9) of the dual officeholding law, providing that a "political subdivision" means and includes "any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions."
La.R.S. 42:63(D) prohibits a "person holding elective office in a political subdivision of the state" from at the same time holding "full-time appointive office. . .in the government of a political subdivision thereof." Thus, we advise you that the language of R.S.42:63(D) prohibits you from holding at the same time the elected office of mayor and the full-time appointive office of hospital director for Vermilion Parish Hospital Service District No. 3, d/b/a Gueydan Memorial Guest Home.
Should you have other questions in which we may provide assistance, please contact this office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 BY: __________________________ KERRY L. KILPATRICK Assistant Attorney General
 KLK:arg
[1] La.R.S. 46:1051(A) provides in pertinent part:
A. The police juries of parishes are authorized and empowered, upon their own initiative, to form and create one or more hospital service districts within the respective parishes. . .